is 23-11418, Dr. Jasmine Younge v. Fulton Judicial Circuit District Attorney's Office, Georgia. And I'll give you all a chance to get settled, but when you do, Mr. Billups, feel free to go to the podium and I see that you've reserved five minutes for rebuttal. You may proceed. Thank you, Your Honor. May it please the Court, Matthew Billups here for the appellant, Jasmine Younge. Your Honors, this case gives the Court an opportunity to reconcile two seemingly inconsistent lines of cases, the Hassan Pregnantess line of cases and the Sosa Good Cause line of cases. If the duty, I think we all agree that the duty is to reconcile where possible, right? Yes, Your Honor. Okay. I know you put forward one way to reconcile. Let me ask you about another possible way to reconcile. I've read through all the cases, like we all have, and it seems to me that in the Sosa line of cases, there's a fact that is the same, and that fact seems to be materially different than all the cases in the Hassan line of cases, and that is in the Sosa line of cases, there actually is a motion to amend. In other words, they are seeking to amend the complaint, whereas in the Hassan cases, there is zero effort and no reference to amending the complaint. If we reconcile the cases to say Sosa applies when there's an amendment post-deadline under the Rule 16 order, that's how you analyze it, and Hassan is like this situation where there's no attempt to amend at all, but you argue something that wasn't raised, that wasn't raised as an affirmative defense or as a new claim in the motion for re-judgment. Why is that not a fair way to reconcile those cases? Because it reads both Rule 15 and Rule 16 out. How's that? Because if you are adding an affirmative defense into a case. Well, so you're not adding that. I know you use that terminology, and that's how you get to where you get, but they're not adding it. They're not saying, I have no intention of amending it. I missed it. I just missed it, but I'd like to argue it now. That's not adding anything to the answer. It is raising an argument that has not been raised before. We do it under plain error, and there's a heightened standard in order to do that here. It's the prejudice standard, but that's not adding anything. It's not reading out Rule 15. If you want to amend, and there's lots of reasons why you'd want to amend, especially an affirmative claim, that falls under Rule 15 or Rule 16. Then I fail to see how the affirmative defense becomes something one can argue if it is not in the pleadings, because affirmative defenses do at some point have to be in an answer or a pleading. We take argument. I'm not sure that that's true. I'd be interested to see why that's true. Rule 8 doesn't suggest that that's true, but we hear arguments all the time. In fact, the appeal right before you got here was one where no one objected to anything below, and we had a whole argument about what wasn't really objected to. I mean, it happens all the time. The question is, under what standard do we review that? Here we review a newly raised argument for plain error, and Hassan seems to suggest that in this situation, we look to see whether there's prejudice for the opposing side, right? Why is that not a way to reconcile all of this in a very clean and easy way? Because Rule 8c does require that affirmative defenses be raised in the answer, and if there is the ability to raise matters outside the pleadings and with an effect that is indistinguishable from raising it inside the pleadings, then I fail to see the difference between, other than you don't have to tell anybody, I fail to see the difference between that affirmative defense once it's raised under this no-motion-needed method and the effect of the affirmative defense once it's raised by motion. Well, the answer is it isn't, if it truly is a situation you said where it's a complete surprise, then the prejudice inquiry is going to be simple, and the answer is you should have amended and you should have gone through that process. But in a case like this one, where people knew about it for months, where there was largely discovery on this very issue, even if they didn't actually address it, I see you frumpling your eyebrows, and we can talk about that, but it was brought up at a March hearing, and summary judgment wasn't until much later in the year, and there was significant discovery as found by the magistrate judge and affirmed by the district court here on the very issue. Now, whether that's prejudice or not, we can talk about, but that situation seems to say we're not going to hold somebody to account because they didn't go through the formality of seeking an actual amendment, and we're only going to look at prejudice. That's what Hassan says, and I guess what I'm saying is I'm having trouble seeing how they're actually in conflict where there is that material issue different between one line of cases and the other line of cases. Because, Your Honor, that would encourage defendants to not include affirmative defenses in their answer. I'm not saying it's a good rule, although the prejudice standard would discourage what you've just said, but I'm not saying it's a rule, it seems, and that is a way to reconcile them without finding that they are in conflict with each other. Except, Your Honor, that I don't believe that is the rule. Under Rule 15, there is a process for amending pleadings. If there is a process for doing what is entirely paramount to amending the pleading without ever having to go through the process of amending the pleading, then what is the point of Rule 15? If there is a process for setting a deadline for amending pleadings. Because Rule 15 deals with much more than affirmative defenses. It deals with claims, and so that's the answer to your question. But Rule 15 does deal with affirmative defenses. I know, but. It deals with amending answers as well as complaints. It does, but this part has nothing to do with, the Hassan line has nothing to do with claims, it has to do only with affirmative defenses. And so Rule 15 still has operation and Rule 16 still has operation with regard to affirmative claims. Yes, Your Honor, but it is a, it seems to me that that is a sub rosa amendment of Rule 15 that did not go through. But, but if we decide. Hassan is our case law, it's binding case law. If we decide that we are traveling today under Hassan, how do you avoid the prejudice inquiry that we're, that the district court went through and that we're going to go through? Where's the prejudice when, when it came out before summary judgment when you were given the opportunity to ask for more discovery and you did not seek additional discovery? Where's the prejudice? Your Honor, it came out with no, frankly, the issue about more discovery came out in a hearing where we did not know that we were going to be asked about, you know, what additional discovery you would want to pursue. No, I think what Judge Branch, I think what Judge Branch is asking is, in March, when this came out at the hearing, they said, Judge, this is an issue in the case. Everyone knew at that point. Why at that point did you not say we want discovery? I'm not talking about what happened at the summary judgment hearing. I'm talking about for the six months before summary judgment was even filed, why did you not move for, for more discovery? I think that's what Judge Branch is asking, and I have that same question. Partly, Your Honor, because the defendant was asserting that they intended to make it an issue in the case. It was not, however, an issue in the case. The discovery rules do, are limited to the case. It, it was essentially a proposal that they thought that they believed that this was something they could succeed on, but they never made it part of the case. But the, but the, but the, the district court is, is letting this in, and why are, and, and doing the prejudice analysis, and if that's where we are, and you've been given the opportunity to request more discovery, you didn't request more discovery, where is the prejudice? If, in the world, that we're traveling under Hassan right now. And we have to find that the district court judge abused its discretion. To the, yes, Your Honor. Except that the way I view Hassan, Hassan is essentially an alternative means to amend an answer to assert affirmative defense by, through the process of either filing a motion for essentially asserting the amendment. But we assume we don't agree with your reading is the tenor of Judge Ligo and Judge Branch's question. So assume we don't agree with your reading. In a world where we don't agree with that, how have you shown prejudice here? Or do you concede that you lose if our view is what carries the day after we conference this case? There, no, Your Honor, there are a number of reasons why we believe we would not lose, but. And those are? This, well, for one thing, the difference between the, her job after she disclosed her pregnancy and her job prior to that. Her job as of the time of the adverse action when she was terminated. No, I'm sorry. If we're in the prejudice realm, and you're saying, you know, we have been prejudiced by the addition of this defense, where's the prejudice? Or do you lose on the prejudice issue? I'm not talking. I didn't believe there would be prejudice. And where is that? Where is the prejudice? We would have to have an entirely new discovery. Right, but you didn't ask for that. Right, but you, that's, but that's where we're at because the district court judge found that there was no prejudice in allowing this. So, how do we now find that the district court judge abused its discretion in allowing it? Because there was prejudice in that we went through an entire discovery period without this apparently critical issue ever being raised and would have had to go back through and do all of that over plus additional discovery on those, on this issue. We had no notice of this prior to the close of discovery. There was only one thing left in discovery, which was to bring Mr. Howard back to ask him some additional questions. So, and I guess part of it is reading the rules as they exist. Discovery is limited to the matters relevant to the claims or defenses. Before it's there, there's no discovery. All right, your time has ended, but you have five minutes for rebuttal. Thank you, Your Honor. Mr. Green. Good morning, Your Honors. May it please the court. The two briefs raised different standards of review, but it sounds like it's not controversial that abuse of discretion is the proper standard to review whether the affirmative defense should have been allowed. On the issue of notice, I would say that the depositions were almost entirely about the plaintiff's job, her duties, her intimate working relationship with Paul Howard. There was an incident where after she was terminated, she tried to make a complaint to Fulton County and she was told, she uses the term executive staff, Fulton County actually uses personal staff as the definition, that she was not permitted to make a complaint with the county because she was a member of Howard's personal staff. So she was given notice almost immediately that personal staff was going to be an issue. Additionally, in the complaint, plaintiff alleged that she tried to make a complaint to Fulton County and was told that she was a member of the executive staff or personal staff. And in the answer to the amended complaint, defendant actually admitted that plaintiff was a member of Howard's executive and personal staff. Let me get past the prejudice issue a little bit and feel free to come back to it. But I have a couple of questions on the merits part of it. So in other words, assuming you're allowed to bring this argument, assuming where we're at. So you all seem to agree, do you not, that these six factors are what we determine whether someone is part of one's personal staff or not, right? Yes, Your Honor. Why is that? Where does that come from, these six factors? I believe it comes from 10 Yucca. It's a district court opinion out west, right? I think it was a Tenth Circuit opinion. Oh, is that? Okay, that's a circuit one. But the original factors come from a district court opinion from some time ago, right? That's correct. And I think the Tenth Circuit or Fifth Circuit, one of them has used those factors as well. But have we used those factors? You've used them in passing, I believe. And I would say that... Give me an example of when we pass and we use them. Well, I would say that every circuit in the country, I believe, has used the six factors. Every circuit, you mean district courts in those circuits have used them? Right, I mean, it's been pretty universally accepted that the six factors are... So let me help you out a little bit. We have an opinion called Lorry, which both of you guys refer to. And that's a Middle District of Alabama case where the district court clearly applied those factors, right? Right. And then what did we do in Lorry? I believe you affirmed. Right, we did. But in what nature did we affirm? Did we write a full independent opinion? What did we do in that case? No, you just affirmed the judgment. Right. The way we phrased it there, and it's a little odd. What we did was we broke up the various issues in the case. But ultimately, what we said was as to this issue, as to the personal staff issue, we said that we adopted for the reasons that were given by the district court, right? Yes, sir. Okay. Is that right? I'm asking. I believe that's correct. Okay. Is that an adoption by us for purposes of precedent that these are the factors that we apply? Or is this an open question for us? In other words, is that binding precedent for us? What the district court did in that case? Because we affirmed for the reasons that the district court gave? Or is this an open question? Because if an open question, I can only speak from this side of the bench here. I object to the six-factor test. I don't see how that's textually based at all. Sure. Well, I mean, when you get to the textual discussion, the text of the statute really says nothing about what the definition is. Not at all, right. For definitions, we actually look to define terms. We don't just apply balancing tests and six factors that we consider and aggregate together. That's not a great way to do these things. But I guess my question is, are we bound by the six-factor test as adopted in Lori? And if we are, then so be it. But if we're not, then why should we accept this, that this is the right way to interpret the statute? Well, no, I don't think we're bound by Lori, necessarily. But I would say that the factors do really get to the heart of the job duties and the intimate working relationship between the employee and the elected official. I think some of them clearly are encompassed within the definition of what personal staff is. So to that extent, I think you're probably right. But that doesn't mean we balance them together. And if one is sort of this way, but a lot are this way, we say, okay. In other words, if it is part of the definition, you either meet the definition or you don't meet the definition. That's sort of how statutes work, right? Yes, Your Honor. Balancing tests are often applied in interpretation of statutes and applying them. We've had a pretty dim view of them, haven't we? Yeah, I mean, and just so is the Supreme Court lately, I think. But I think regardless of how you analyze the definition of personal staff, looking at the facts in this case, what we hear about today, and looking at plaintiff's deposition, I mean, really in this case, you could toss out all the evidence, but plaintiff's deposition and find that she was a member of Howard's personal staff. I mean, she went into great detail about how she was the go-to person for Howard. The first factor, though, doesn't seem to weigh in your favor. The first factor requires both the hiring and removal decision be exclusively within the province of the elected official. And here, there's at least some summary judgment evidence, and I'm specifically referring to the letter from the county that's in evidence, which suggests that the county has some role in the hiring decision, because I think the money is essentially coming from the county. And so they've set some guidelines, and you have to sign this document, and we have to sign off on this thing. I mean, whatever state law actually is on the interaction between who funds and what it is, there's at least some evidence to suggest that that factor doesn't necessarily weigh in favor of your client, right? Well, I would say that Howard has the ability to appoint and fire anyone he wants to. That was just simply an issue of whether he could get the salary that he wanted. I know that's his view of it, but the letter is broader than that. Wouldn't you agree? The letter seems to indicate that the county has a role in approving the hiring decision. Does it not? It has a role in the sense that he has to affirm and swear that she's actually a member of his personal staff. And they have to sign off on the salary, right? They do. They do. But he could still hire her, whether they say yay or nay. And certainly he could fire her, whether they say yay or nay. Say, and that's true of anyone in the district attorney's office, and it was certainly true of her. So I would say the first factor does weigh in favor of fighting the personal staff. The district court and the magistrate judge didn't find that, did they? They thought at best it was neutral. Of the first factor? Yeah. I can read it to you if you'd like. I don't know if I necessarily agree with that completely. But I still maintain that, you know, him trying to get a salary or the salary that, you know, that he wanted to get for playing up to. This is page 34 of docket entry 128, the report and recommendation. Viewing these facts in the light most favorable to Young, I find that Howard had complete and absolute power to remove employees, but not plenary power to appoint individuals for  While Howard had sole and absolute authority to select individuals for employment, Howard's hiring power was subject to local laws or the authorization and approval of the governing authority of Fulton County. Accordingly, I conclude that factor one weighs neither in favor nor against applying the personal staff exemption in this case. Did I describe it? Did I describe that accurately? But my point was, I don't think it weighs against the personal staff exception. I think I said neutral, didn't I? Oh, I'm sorry. If you did, I apologize. But I certainly think that that, you know, that the issue of him getting additional funding and having to, you know, jump through some hoops and say, she's a member of the personal staff in order to do so. It doesn't mean that he didn't have plenary appointment powers. And in fact, we have one of our cases, Peppers v. Cobb County, one of our decisions from 2016 where we say that the employees of the district attorney's office are employees of the district attorney because only he can supervise, hire or fire employees of the district attorney. And the county is empowered only to approve the manner and amount of compensation for employees that was set out by the district attorney, right? And that's citing the Georgia Constitution and the Georgia statutory provisions. Yes, Your Honor. And I think that cited Peppers in the brief. The only other thing I would add is that, you know, after looking at the liberal pleading standards of Rule 8 and how no technical form is required, going back and looking at the answer where the defendant did admit that the plaintiff was a member of the personal staff, I think another route that the court could affirm, just based on the record, is that the personal staff exception proper notice was given in the answer. So why is it, let me return to the prejudice prong, why is the plaintiff not prejudiced by not being able to litigate her case knowing the county's most important affirmative defense? The county does not mention this affirmative defense, which is critical to this case as we see, until the close of discovery. Why is that not prejudicial? And by county, you mean the district attorney's office? Sorry, yes. Well, I would say that the discovery that would have been done on that issue was the discovery done in this case. It was, the depositions were entirely about her job, her job duties, her intimate working relationship with Paul Howard. There was a hearing with the magistrate judge, as you mentioned. The magistrate judge offered to reopen discovery if the plaintiff could articulate any prejudice and none was articulated. But opposing counsel today is saying he litigated the case in a completely different manner. Had he known that from the beginning, it could have changed the way he litigated the whole case. So if he were to have requested discovery, would he not have been really extending the amount of time and money that is being spent by the plaintiff dramatically? Well, I don't think the plaintiff has articulated any additional discovery that they would have done. I mean, when asked by the magistrate judge, they couldn't articulate any. And I think today they haven't articulated any. Well, I guess the question is, if you believe that you're proceeding under this theory, X, and then the defendant comes in and says, in fact, we're traveling under a different theory, and this is what we're going to prevail on in summary judgment. We're going to do a motion for summary judgment. We're going to put all our eggs under this theory. Doesn't that somehow prejudice the plaintiff? Not if there's nothing different that would have been done, and they've articulated nothing different that would have been done. I don't see, and plaintiff certainly hasn't raised any additional discovery. And if there was any, the magistrate offered to reopen discovery. They had ample opportunity to request more discovery, and none was done. And as to whether the defendant could sort of hold back and then bring it up and get a leg up, well, I think the- They did give three topics that they said they would like more discovery on. I mean, it's not fair to say they didn't say what they want discovery on. This is at page 12 of the magistrate judge's report. Quote, plaintiff's counsel mentioned three topics about which he would have taken discovery. One, whether Young was subject to the sole supervision of Howard. Two, whether Howard had plenary authority to appoint and remove. And three, whether Young represented Howard in the eyes of the public. Correct. And the magistrate found a ton of discovery had been done on all those topics. I think what the magistrate judge found was that, at least with regard to one and three, the counsel was not specific with regard to what he would have wanted. And as to two, the court found that largely in favor of Howard as to neutral. And so, it was sort of a wash. I think that's what the magistrate judge found and what the district court accepted. I still haven't heard anything from their side saying what that discovery would have been that's any different from what we've done. I mean, it was highly pertinent to all the discovery was taken was on her job duties, her relationship with Howard. I mean, that's the personal staff exception. And that's the most important facet of the personal staff exception, is the intimate working relationship between that employee and the elected official. If we were to determine that we were traveling under good cause rather than prejudice, do you concede there is no good cause for your client's lateness in disclosing this affirmative defense? No, Your Honor. And I think under 15A, if there was an amendment, it should be given if justice so requires. Yeah, but you'd have to overcome Rule 16 too. I know we're in the scheduling order now. Which is the good cause standard that Judge Branch just mentioned. So, I noticed in your brief, you don't mention anything about good cause. You haven't given any reason why you didn't know about the personal staff exemption until the close of discovery. If we say good cause is what carries the day, do you lose? Well, I think you'd have to find that Hassan is somehow... No, I'm saying in a world where we have as a court, if we were to determine that we're traveling under Rule 16 and it's good cause, do you lose? Well, I would say no. I'd have to do the analysis and I could, you know, obviously do more briefing on that if the court wanted. You have a good reason for why the affirmative defense was not disclosed until the close of discovery. It was disclosed when... It was disclosed as soon as the defendant... Read the statute? Yes, knew of it, right. Say that again? Knew of it. Read the statute? Right. Okay, thank you. Thanks. Mr. Billups, you have five minutes. Thank you, Your Honor. So, there are a number of issues where we would have done discovery on these very points, such as... I know, counsel, but so if you read the transcript of the hearing in front of the magistrate judge, she really did try to bend over backwards as best as I can tell. And what she said was, I'll give you more time, but tell me what it is that you need. And you laid out three areas, which are essentially the three elements you'd want to, three elements of the six-factor test that you'd want to go over. And then, as to those... Okay, so what specifically do you need? And nothing was said. Yes, Your Honor. And there is a difference between planning discovery after getting an answer and understanding what defenses have been raised. And planning discovery during a hearing, on the spot, on... I guess, but counsel... But counsel. And there was a time, some time ago, that I was a practicing lawyer, and I get it. So, it's not lost to me what you've just said. But they brought it up in their motion for summary judgment. You responded. There was a reply. And then there was an oral argument hearing. It was no surprise that this was the issue before the court. And so, the court rightly asked, what do you... In making the prejudice determination, what do you need? And that's the time to do it. And so, it's hard for us to be able to look back now and give us more and say, well, the district court abused its discretion when it didn't have the information that it has now. That's the bind we're in. I'd like to talk about the merit, like getting to the merits part. Yes, Your Honor. Do you believe that Lori is binding on us? It does not sound as if it would be, Your Honor. Do you... I'm sorry. Why not? Because in the particular opinion that Judge Luck referenced, we specifically say that we're adopting the district court's opinion. I think without further analysis from the 11th Circuit, and frankly, I would have to read both of them. And I'd be happy to provide supplemental briefing on this issue. But... Well, we said we affirm on the basis of the district court's well-reasoned opinion published at 88 FSUP. You can provide supplemental briefing. That's fine. I mean, it could very well be. But I would need to take a look at that. Do we need to say adopt in order to adopt? Or is it enough to say what Judge Lagoa just read to you, which is... And that's the relevant portion, I think, which is affirm on the basis of the district court's well-reasoned opinion published at and give the site. Well, I think adopt would certainly be clearer. It would be nice if it did say adopt, right? It would be nice if it did say adopt, right? That'd help us out. It would. Because it does not... It does not definitively say whether the court is relying on all of the analysis done by the district court. Simply... Well, it says the... On the basis of the well-reasoned opinion, and then gives the site for the opinion. And then... And then gives the site for the opinion. But, for example, it may very well be that the court's opinion covered all the relevant issues, and based on the facts and based on the reasoning there, irrespective of whether those are the six factors that you would necessarily apply, in that case, it worked. I mean, that would be another reading of that. So, how if we... Let's assume we don't... In a world we don't apply the six factors, what summary judgment evidence is there that your client was not a member of the personal staff of the elected official? Well, for one thing, she wasn't just... Have to get approval from the... From Fulton County. They gave approval for her to be hired into a different job. Yeah, but that... Yeah, but that... The part of the problem with this, with we get rid of the six factors, that factor really isn't all that important. I mean, what her job role, who sort of signed off on it is really not... Is she on the personal staff? That would seem to be, you know, was she direct... Was it personal to him as opposed to the office largely? In other words, was she responsive to him? Did she answer to him? And those things seem to be yes, yes, yes, right? I think to... To some extent, everybody that works in the DA's office would answer to the DA. That might be the right answer. She did, however, have someone who was her immediate supervisor, the chief of staff, who was not him. So to that extent, it would seem the chief of staff would be personal staff. The deputy chief of staff, I think that's a place further removed. Is that your strongest and best argument for why she's not personal staff, that it was deputy chief of staff? I think that our best argument for why she wasn't personal staff is that she was not personal staff when she was fired. So your best argument is going to be that because he started sort of... Even though there was no change in job title, that he was no longer relying on her, that we should view that as the critical factor, that there's no longer an intimate relationship, professional relationship. I don't believe that there was really any relationship. Can I ask you a question? I'm sorry to, you know, care about things like the statute and all, but we're looking at section 200E, subsection F, and we're looking specifically at the exception here. Employee means, okay, and then it says, except the term employee shall not include any person elected to public office or any person chosen by such person to be on such person's officer's personal staff. Does the fact that we look, the statute tells us to look at when the person was chosen of whether they were personal staff matter for what matters the last two weeks of their employment? It would seem to me that chosen indicates that it's the hiring decision and the front-end decision that's the one that we look at and not the decision at the back-end. Well, I think that that can change though. If he chooses you to be, somebody to be on the personal staff and then he chooses for her not to be on the personal staff, actions occurring after she is no longer chosen to be on the personal staff would seem not to be. How do you know if he's chosen for her no longer to be on his personal staff other than to look to a change in job title, which we don't have here? Look at the change in job responsibilities. What was she doing? What was he, what was the nature of their interaction? What was he having her do on his behalf or on behalf of the office? Even though she still has the same title and the same salary. Right. And isn't that, are we going to run it? I mean, I think your opposing counsel would say every single time this is a situation like this is going to happen in the personal staff arena, you can expect that there's a period where perhaps the relationship frays, maybe a lack of trust that will immediately precede a termination. And that we shouldn't make too much of that, if anything. Right. Your Honor, it seems to me that that is an argument that runs counter to the Supreme Court's recent decisions about what are adverse actions. And I agree with you completely. The two weeks before are an adverse action. But we don't look to post adverse action conduct to determine whether somebody was an employee or not. But there were two adverse actions. There was the two weeks before and then there was a second adverse action for termination. He did not have to terminate her. Right. I don't disagree. But those are two are irrespective of the question. Once the adverse action happens, we don't look at post adverse action conduct to determine whether someone's an employee or not. I mean, that's the end point. We looked at everything before that to determine whether discrimination was the result of the adverse action. That's the whole point. Your Honor, discrimination was also the cause of termination. If he had formally demoted her to a secretarial position... And we'd be in a different... We'd be in the Fourth Circuit case. But because there isn't a demotion, there's the same salary on the same floor doing the same exact job. We don't have that. I don't believe the same exact job. Well, right, but there is an issue of the... You could still be personal staff, but they may not have trust in you anymore. So that as a result of that or the lack of belief that the job responsibilities are not necessarily the same, but it still has the same title and pay. I don't think title would be sufficient to show someone is on the personal staff. Okay. Thank you. We have the case under advisement. Thank you. Our third...